## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC d/b/a AT&T Mobility,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CITY OF NEW CASTLE, and the CITY COUNCIL OF THE CITY OF NEW CASTLE,<br><br>    Defendants. | Case No.<br><br><br>**COMPLAINT** |

Plaintiff New Cingular Wireless PCS, LLC, by way of Complaint against Defendants the City of New Castle and the City Council of the City of New Castle, hereby says:

### PARTIES

1. Plaintiff New Cingular Wireless PCS, LLC ("AT&T") is a Delaware Limited Liability Company with its principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319.

2. Upon information and belief, defendant The City of New Castle is a local government entity or instrumentality thereof duly constituted and established pursuant to Pennsylvania law and having an office at 230 North Jefferson Street, New Castle, Pennsylvania.

3.      Upon information and belief, the City Council of the City of New Castle ("City Council") is the governing body of the City of New Castle and has its office at 230 North Jefferson Street, New Castle Pennsylvania.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as AT&T is asserting a claim arising under federal law, more particularly, 47 U.S.C. § 332(c)(7), enacted as part of the Telecommunications Act of 1996 (the "TCA"), and 47 U.S.C. § 253(a).

5.      This Court has supplemental jurisdiction over all other claims herein, pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy and relate to AT&T's claims under the TCA.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b), as the Defendants reside or may be found in this District, the property that is the subject of this action is located in this District, and the acts or omissions giving rise to this action occurred in this District.

7.      Expedited review of this action is required pursuant to 47 U.S.C. § 332(c)(7)(B)(v) to give effect to a strong federal interest in accelerating the rapid private sector deployment of advanced telecommunications and information technologies and ensuring the availability of seamless, ubiquitous and reliable personal wireless services to all Americans.

## FACTUAL BACKGROUND

8.      AT&T is a provider of personal wireless services pursuant to licenses issued by the Federal Communications Commission (the "FCC").

9.      AT&T provides these services through an interlocking network of line-of-sight transceiver facilities that permit the efficient reuse of frequencies allocated to AT&T by the FCC.

10.      The radio signals used by AT&T to provide these services are subject to disruption caused by topography, foliage, and man-made structures, as well as to range limitations inherent in the use of low-powered signals that permit the frequency reuse on which a personal wireless services communications system is predicated.

11.      There is an irregularly-shaped area approximately a mile in circumference, in the northern portion of The City of New Castle (the "area intended to be served"), within which AT&T personal wireless services customers are unable to consistently and reliably use their personal wireless devices to transmit or receive personal wireless services. The adverse consequences of these limitations include the inability to make and maintain a reliable quality connection to the public switched telephone network.

12.      To provide coverage to the area intended to be served, AT&T requires a structure at least 80 feet in height to support antennas near the center of the area intended to be served.

3

13.     Reliable access to 911 and Enhanced 911 (E911) services from within structures by means of personal wireless devices is a particularly important public safety consideration given that 70% of 911 calls are made from personal wireless devices, and over half of households nationally no longer utilize landline service, relying instead on personal wireless services.

14.     Further accentuating the public safety significance of providing coverage, a portion of the frequencies licensed to AT&T are used to support FirstNet, a national public safety broadband network for first responders pursuant to a statutorily and congressionally-mandated public-private partnership between AT&T and the First Responder Network Authority.

15.     George Washington Intermediate School, 101 East Euclid Avenue, New Castle, PA ("the School") is located in the approximate center of the area intended to be served.

16.     The School's 115 foot-tall chimney already hosts personal wireless facilities for T-Mobile, Sprint, and Verizon Wireless, with the Verizon Wireless facility located in a ten-foot extension atop the chimney that was approved in 2014.

17.     Due to structural and space limitations, neither the chimney nor the School roof are adequate locations for an AT&T personal wireless facility at the School.

18.     In its Findings of Fact and Conclusions of Law dated February 13, 2020 (the "Findings"), the City Council concluded that neither the chimney nor the School roof are adequate locations for an AT&T personal wireless facility at the School.

19.     On July 16, 2019, AT&T submitted an application (the "Application") for a Conditional Use Permit to erect a personal wireless facility at the School.

20.     The City of New Castle Planning Commission reviewed the Application at hearings on August 7, 2019 and September 4, 2019, and then referred the Application to the City Council for decision.

21.     At a public hearing on January 21, 2020, the City Council reviewed the Application, which proposed locating a personal wireless facility within an 80-foot tall, three-sided panel structure in a fenced enclosure behind the School (the "Facility").

22.     By Resolution, dated February 14, 2020, the City Council certified a vote taken at a meeting on February 13, 2020 to deny the Application.  A copy of that Resolution, which includes the City Council's Findings, is attached as Exhibit A.

23.     The Facility is consistent with the comprehensive plan of the City of New Castle and the adjoining districts and land uses.

24.     In its Findings, the City Council confirmed this point by concluding that the Facility is consistent with the comprehensive plan of the City of New Castle and the adjoining districts and land uses.

25.     The Facility would have minimal adverse effect on the immediate surroundings, including potential noise, lighting, traffic congestion, pedestrian traffic, hours of operation, safety or general environmental degradation.

26.     In its Findings, the City Council confirmed this point by concluding that the Facility would have minimal adverse effect on the immediate surroundings,

including potential noise, lighting, traffic congestion, pedestrian traffic, hours of operation, safety or general environmental degradation.

27.     In its Findings, the City Council concluded that locating the Facility in an area on the School property other than the proposed location, or on a smaller parcel of property, would potentially create an adverse effect.

28.     In its Findings, the City Council concluded that placement of the Facility in the specific proposed location is necessary to provide adequate coverage for AT&T.

29.     The School is the only location where the Facility can be located to provide adequate coverage to the area intended to be served.

30.     In its Findings, the City Council confirmed this point by concluding that there are no other adequate locations within the specific zoning district in which the School is located which can achieve the same level of coverage without causing gaps in coverage.

### Count I

31.     AT&T incorporates the paragraphs set forth above as if set forth at length herein.

32.     47 U.S.C. § 332(c)(7)(B)(iii) requires that "any decision by a State or local government or instrumentality thereof to deny a request to place, construct or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

33.     The evidence in the record, including the City Council's Findings, demonstrates AT&T's entitlement to approval of the Application for a number of reasons, including that the Facility (i) is consistent with the comprehensive plan of

6

the City of New Castle and the adjoining districts and land uses, (ii) would have minimal adverse effect on the immediate surroundings, including potential noise, lighting, traffic congestion, pedestrian traffic, hours of operation, safety or general environmental degradation, (iii) is necessary to provide adequate coverage for AT&T in the area intended to be served, and (iv) that the City Council concluded there are no other adequate locations for the Facility within the specific zoning district in which the School is located.

34.     The record does not contain substantial evidence supporting denial of the Application.

## Count II

35.     AT&T incorporates the paragraphs set forth above as if set forth at length herein.

36.     The Application is a request to place, construct, or modify a personal wireless facility within the meaning of 47 U.S.C. § 332(c)(7).

37.     47 U.S.C. § 332(c)(7)(B)(i)(II) prohibits denial of an application for a personal wireless facility where denial of that application would prohibit or have the effect of prohibiting the provision of personal wireless services.

38.     In *In the Matter of Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Investment, Declaratory Ruling and Third Report and Order*, WT Docket No. 1779, WC Docket No. 17-84, FCC-18-133 (September 27, 2018) (the "FCC-18-133 Declaratory Ruling"), the FCC, pursuant to legislative authority, definitively interpreted 47 U.S.C. § 332(c)(7)(B)(i)(II) to provide

that "an effective prohibition occurs where a state or local legal requirement materially inhibits a provider's ability to engage in any of a variety of activities related to its provision of a covered service.  This test is met not only when filling a coverage gap but also when densifying a wireless network, introducing new services or otherwise improving service capabilities."

39.     The denial of the Application materially inhibits AT&T's activities related to its provision of covered services.

40.     The denial of the Application also materially inhibits AT&T's ability to provide coverage in the area intended to be served, because without the Facility, a substantial number of users of AT&T personal wireless services in the area intended to be served are unable to reliably use their personal wireless devices to transmit and receive personal wireless services.  In addition, the ability of first responders to access FirstNet services is compromised.

41.     The City Council, in its Findings, specifically found that the placement of the Facility in its specific proposed location is necessary to provide adequate coverage.

42.     The Facility would be the least intrusive means of providing reliable personal wireless services and access to FirstNet services in the area intended to be served.

43.     The City Council, in its Findings, specifically found that siting the Facility in an area other than the location identified in the Application would

8

potentially create adverse impacts which would not be created by locating the Facility at the proposed location.

44.     Under 47 U.S.C. § 332(c)(7)(B)(i)(II), denial of the Applications has the effect of prohibiting the provision of personal wireless services in the area intended to be served.

## Count III

45.     AT&T incorporates the paragraphs set forth above as if set forth at length herein.

46.     47 U.S.C. § 332(c)(7)(B)(i)(I) prohibits unreasonable discrimination among providers of functionally equivalent services.

47.     Sprint, T-Mobile, and Verizon Wireless are providers of functionally equivalent services.

48.     The City of New Castle has permitted Sprint, T-Mobile, and Verizon Wireless to erect personal wireless facilities at the School but have prohibited AT&T from doing so.

49.     In light of the findings and conclusions in the City Council's Findings, including that the Facility would have minimal adverse effect on the immediate surroundings, and there are no other adequate locations from which AT&T can provide coverage, the denial of the Application unreasonably discriminates among providers of functionally equivalent services.

## Count IV

50.     AT&T incorporates the paragraphs set forth above as if set forth at length herein.

51.     Under 47 U.S.C. § 332(c)(7)(B)(ii), the TCA requires zoning, land use and other state or local permitting decisions relating to wireless facility siting requests to be rendered within a reasonable period of time.

52.     Under federal law, including 47 C.F.R. §1.6003(c)(iv), the presumptive reasonable time for granting all municipal approvals necessary for erection of a personal wireless facility such as the Facility is 150 days.

53.     Defendants, by denying the Application and thereby delaying the grant of other approvals necessary for the erection of the Facility, have failed to permit a siting request for a personal wireless facility to be rendered within a reasonable period of time.

## Count V

54.     AT&T incorporates the paragraphs set forth above as if set forth at length herein.

55.     47 U.S.C. § 253(a) provides that "no state or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service."

56.     In the FCC-18-133 Declaratory Ruling, the FCC, pursuant to legislative authority, definitively interpreted 47 U.S.C. § 253(a) to provide that "an effective prohibition occurs where a state or local legal requirement materially inhibits a provider's ability to engage in any of a variety of activities related to its provision of a covered service.  This test is met not only when filling a service gap but also when

densifying a wireless network, introducing new services or otherwise improving service capabilities."

57.    AT&T has attempted to exercise its right to provide telecommunications services in the City of New Castle.

58.    Defendants' response to AT&T's attempts to provide telecommunications services has materially inhibited AT&T's ability to engage in activities related to its provision of a covered service, barred entry of AT&T to provide telecommunications services in the area in the City of New Castle intended to be served, and has had the effect of prohibiting the ability of AT&T to provide telecommunications services in violation of 47 U.S.C. § 253(a).

## Count VI

59.    AT&T incorporates the paragraphs set forth above as if set forth at length herein.

60.    The denial of the Application was arbitrary, capricious, unreasonable, and an abuse of discretion in violation of Pennsylvania law, including the Pennsylvania Municipalities Planning Code ("MPC"), 53 Pa. Stat. and Cons. Stat. Ann. §§ 10101, et seq.

**WHEREFORE**, plaintiff AT&T requests judgment against the Defendants as follows:

   A.    Expedited disposition of this action pursuant to 47 U.S.C. § 332(c)(7)(B)(v);

B.   Reversal of the denial of the Application for violation of 47 U.S.C.
§ 332(c)(7)(B)(iii);

C.   Reversal of the denial of the Application for violation of 47 U.S.C. §
332(c)(7)(B)(i)(II);

D.   Reversal of the denial of the Application for violation of 47 U.S.C. §
332(c)(7)(B)(i)(I).

E.   Reversal of the denial of the Application for violation of 47 U.S.C. §
332(c)(7)(B)(ii);

F.   Reversal of the denial of the Application for violation of 47 U.S.C. §
253(a);

G.   Reversal of the denial of the Application for violation of State law.

H.   Entry of an Order deeming the Conditional Use Permit Special Permit
to be approved, and directing Defendants to grant all variances, permits
and approvals necessary to allow construction of the Facility; and

I.   Such other relief as this Court may deem equitable and just.

Dated: March 16, 2020

Respectfully submitted,


By:   /s/ Lawrence J. Del Rossi

FAEGRE DRINKER BIDDLE & REATH
LLP
Lawrence J. Del Rossi (PA 90075)
One Logan Square, Suite 2000
Philadelphia PA, 19103-6996
Phone: (215) 988-2700

13

Fax: (215)988-2757
lawrence.delrossi@faegredrinker.com